IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

ANGELA B. STEPHENS,            )
                               )
            Plaintiff,         )
                               )
v.                             )      Case No. CIV-14-214-FHS-KEW
                               )
CAROLYN W. COLVIN, Acting      )
Commissioner of Social         )
Security Administration,       )
                               )
            Defendant.         )

### REPORT AND RECOMMENDATION

Plaintiff Angela B. Stephens (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on December 17, 1976 and was 36 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant has worked in the past as a screen printing and monogramming operator, teacher's aide, head cashier at a hardware store, file cleaner at a medical records facility, camping equipment manufacturer, and hostess/waitress. Claimant alleges an inability to work beginning July 28, 2010 due to limitations

3

resulting from chronic low back pain and hip pain.

**Procedural History**

On June 3, 2011, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On December 4, 2012, Administrative Law Judge Doug Gabbard, II ("ALJ") conducted an administrative hearing by video with Claimant appearing in Fort Smith, Arkansas and the ALJ presiding in McAlester, Oklahoma. On January 28, 2013, the ALJ entered an unfavorable decision. On April 4, 2014, the Appeals Council denied review of the decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform less than a full range of light work with limitations. The ALJ determined Claimant had no past relevant work to consider.

**Error Alleged for Review**

4

Claimant asserts the ALJ committed error in (1) failing to fully and fairly develop the record; (2) failing to consider all of her severe impairments at step two; (3) reaching an improper RFC determination; and (4) making an improper finding at step five. Claimant also contends the Appeals Council should have considered her memorandum brief and an additional medical source statement, both of which were submitted to the Council.

**Duty to Develop the Record**

In his decision, the ALJ determined Claimant suffered from the severe impairment of degenerative disc disease. (Tr. 22). The ALJ concluded that Claimant retained the RFC to perform less than a full range of light work. In so doing, the ALJ found Claimant could lift/carry no more than 20 pounds occasionally with frequent lifting or carrying of objects weighing up to 10 pounds. The ALJ also found jobs in this category require "a good deal of walking or standing, or when it involves sitting most of the time with some pusing and pulling of arm or leg controls." Claimant must also have the ability to alternate between sitting and standing throughout the workday. (Tr. 23).

After consultation with a vocational expert, the ALJ found Claimant retained the RFC to perform the representative jobs of housekeeping/cleaner, cashier II, and small products assembler.

(Tr. 29). As a result, the ALJ found Claimant was not disabled from July 28, 2010 through the date of the decision. Id.

Claimant first contends the ALJ did not fulfill his duty to develop the record. Specifically, Claimant states that she had seen a number of physicians for back pain, abdominal pain, gynecological problems, and psychiatric problems but no comprehensive physical examination has been done to determine her level of functioning in light of her impairments. Claimant argues that the ALJ should have sought a statement of functional limitations from either a treating or examining source or a consultative examiner.

Generally, the burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. Branam v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987). A social security disability hearing is nonadversarial, however, and the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." Id. quoting Henrie v. United States Dep't of Health & Human Services, 13 F.3d 359, 360-61 (10th Cir. 1993). As a result, "[a]n ALJ has the duty to develop the record by obtaining

pertinent, available medical records which come to his attention during the course of the hearing." Id. quoting Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996). This duty exists even when a claimant is represented by counsel. Baca v. Dept. of Health & Human Services, 5 F.3d 476, 480 (10th Cir. 1993). The court, however, is not required to act as a claimant's advocate. Henrie, 13 F.3d at 361.

The duty to develop the record extends to ordering consultative examinations and testing where required. Consultative examinations are used to "secure needed medical evidence the file does not contain such as clinical findings, laboratory tests, a diagnosis or prognosis necessary for decision." 20 C.F.R. § 416.919a(2). Normally, a consultative examination is required if

> (1) The additional evidence needed is not contained in the records of your medical sources;
>
> (2) The evidence that may have been available from your treating or other medical sources cannot be obtained for reasons beyond your control, . . .
>
> (3) Highly technical or specialized medical evidence that we need is not available from your treating or other medical sources;
>
> (4) A conflict, inconsistency, ambiguity or insufficiency in the evidence mus be resolved, and we are unable to do so by recontacting your medical source; or
>
> (5) There is an indication of a change in your condition that is likely to affect your ability to work.

20 C.F.R. § 416.909a(2)(b).

This Court does not perceive that any of the factors which might compel the ordering of a consultative examination to be present in this case. No conflict in the medical evidence exists, Claimant's condition does not require the evaluation by highly specialized experts, no change of condition has been suggested, and the need for additional evidence is not indicated. Claimant seeks to have a functional assessment performed as a requirement when no such requirement exists in the law for an ALJ to arrive at an appropriate RFC.

"[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." White v. Barnhart, 287 F.3d 903, 906 n. 2 (10th Cir. 2001). A residual functional capacity assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts ... and nonmedical evidence." Soc. Sec. R. 96-8p. The ALJ must also discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work related activity the individual can perform based on evidence contained in the case record. Id. The ALJ must "explain how any material

8

inconsistencies or ambiguities in the evidence in the case record were considered and resolved." Id. However, there is "no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012). When it is all said and done, the ALJ has the responsibility of determining the RFC and not a physician. 20 C.F.R. § 404.1546; Soc. Sec. R. 96-5p. The ALJ did not err in failing to obtain either medical source statements or a further consultative examination.

Claimant also contends the ALJ should have explored Claimant's prior inpatient psychiatric treatment. The only source for this alleged treatment was a subjective statement made to the Tulsa Pain Consultants contained in a report dated May 15, 2012. (Tr. 395). No other medical record or testimony refers to this treatment. The ALJ discounted Claimant's credibility overall and, with no other support, this single statement did not warrant further inquiry. Claimant had the ability to supplement the record with the medical records from any treatment which she received. She apparently chose not to do so.

## Step Two Analysis

Claimant asserts the ALJ should have included mental impairments, back problems, abdominal pain and bladder control problems as severe impairments at step two. Where an ALJ finds at least one "severe" impairment, a failure to designate another impairment as "severe" at step two does not constitute reversible error because, under the regulations, the agency at later steps considers the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. Brescia v. Astrue, 287 F. App'x 626, 628–629 (10th Cir. 2008). The failure to find that additional impairments are also severe is not cause for reversal so long as the ALJ, in determining Claimant's RFC, considers the effects "of all of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'" Id. quoting Hill v. Astrue, 289 F. App'x. 289, 291–292, (10th Cir. 2008).

Moreover, the burden of showing a severe impairment is "de minimis," yet "the mere presence of a condition is not sufficient to make a step-two [severity] showing." Flaherty v. Astrue, 515 F.3d 1067, 1070-71 (10th Cir. 2007) quoting Williamson v. Barnhart, 350 F.3d 1097, 1100 (10th Cir. 2003); Soc. Sec. R. 85-28. At step

two, Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). An impairment which warrants disability benefits is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

The record does not indicate any impairment or treatment (save the single reference in a record) for mental conditions. The ALJ also considered the other conditions in his decision but found them to be of a mild or moderate condition which did not affect her ability to work. The ALJ expressly considered the conditions as non-severe impairments. (Tr. 23). Claimant has failed to demonstrate that the condition had even a minimal effect upon her ability to engage in basic work activity. This Court finds no error in the ALJ's step two determination.

**RFC Determination**

Claimant asserts several issues with the ALJ's RFC. He states that the sit/stand option must be stated with specificity as to how often the alternating must occur. The ALJ relied upon the vocational expert's testimony when posing the hypothetical question to him which included a sit/stand option throughout the workday. The vocational expert testified that the application of the option was as a result of his experience because the option was not included in the *Dictionary of Occupational Titles*. (Tr. 54). The option for throughout the workday is sufficiently specific to formulate the RFC.

Claimant next argues that her back problems and her non-severe conditions of mental problems and abdominal pain preclude her from the requirements of light work. The ALJ cited to the medical record in support of his decision on RFC. He relied upon the opinions of non-examining physicians who found Claimant did not have the functional restrictions to preclude light work. (Tr. 290-97, 365-72, 390-91). Contrary to Claimant's argument that non-examining sources cannot provide substantial evidence for the ALJ's decision, non-examining physicians' opinions, while low in the weight scale, can be utilized for ascertaining the functional limitations of a claimant. Jeffries v. Soc. Sec. Admin., 2009 WL 4918255, *5 (10th Cir.); Soc. Sec. R. 96-6p.

Claimant also challenges the ALJ's credibility findings. The ALJ affirmatively linked his findings on credibility to the medical record or his observations. (Tr. 25). Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. No error is attributed to the ALJ's analysis.

**Step Five Analysis**

Claimant contends the ALJ's hypothetical questioning of the vocational expert did not include all of his limitations that should have been included in his RFC. Since this Court found no error in the RFC evaluation, no error is found in the questioning of the vocational expert.

**Consideration of Evidence Before the Appeals Council**

Claimant states that she submitted a brief and a report from Dr. George Tompkins. Neither document is contained in the record. The Appeals Council is required to consider new, material, and chronologically relevant evidence submitted to it. 20 C.F.R. §§ 404.970(b) and 416.1470(b); Chambers v. Barnhart, 389 F.3d 1139, 1142 (10th Cir. 2004). The brief is not evidence and need not be considered since briefing has already occurred in this case. Dr. Tompkins' report is dated March 27, 2013 and, therefore, is not on

13

its face chronologically relevant.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied.  Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**.  The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of March, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE